IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| **BENNY R. WILBURN** and **CHRISTIE R. WILBURN,** | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No.   1:24-cv-00009 |
| **KYLE CHANCE** | ) ) ) |
| Defendant. | ) ) |

### KYLE CHANCE'S BRIEF IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

**COMES NOW** Defendant Kyle Chance ("Chance"), by counsel, and, pursuant to Local Rule 11(c), files this Brief in support of his Motion to Dismiss for Failure to State a Claim in accordance with Fed. R. Civ. P. 12(b)(6).

### BACKGROUND

Plaintiffs initially brought a cause of action against Chance in this Court on May 6, 2022, via Complaint filed in the case of *Benny R. Wilburn and Christie R. Wilburn v. Kyle Chance*, Case No. 2:22-cv-00009, ("Original Complaint") attached hereto as Exhibit A. In the Original Complaint, Plaintiffs sought to recover for personal injuries arising from a motor vehicle accident that occurred in Lee County, Virginia on February 25, 2021. The basis of this Court's jurisdiction in the Original Complaint was diversity of citizenship. Exhibit A, Paragraphs 1-2.

The Original Complaint was dismissed via a Stipulation of Dismissal Without Prejudice submitted by Plaintiffs on April 11, 2023. A copy of the Stipulation of Dismissal Without Prejudice ("Dismissal") is attached hereto as Exhibit B.

The present Complaint was filed on March 4, 2024. The basis of this Court's Jurisdiction in the present Complaint is diversity of citizenship. Complaint, Paragraphs 1-2.

## LAW AND ARGUMENT

In a case brought in a Federal Court on the basis of diversity of citizenship, the Court applies the substantive law of the state in which the controversy arises. Erie R.R. v. Tompkins, 304 U.S. 64, 87, 58 S. Ct. 817, 826 (1938). Virginia's statutes of limitations are treated as substantive in diversity cases. Adams v. Am. Optical Corp., 979 F.3d 248, 255 (4th Cir. 2020). Similarly, state tolling provisions are substantive and apply to the timeliness analysis. Scoggins v. Douglas, 760 F.2d 535, 538 (4th Cir. 1985).

Va. Code § 8.01-229(E) governs tolling of the statute of limitations following a voluntary dismissal. That section provides:

> If a plaintiff suffers a voluntary nonsuit as prescribed in § 8.01-380, the statute of limitations with respect to such action shall be tolled by the commencement of the nonsuited action, regardless of whether the statute of limitations is statutory or contractual, and the plaintiff may recommence his action within six months from the date of the order entered by the court, or within the original period of limitation, or within the limitation period as provided by subdivision B 1, whichever period is longer. This tolling provision shall apply irrespective of whether the action is originally filed in a federal or a state court and recommenced in any other court, and shall apply to all actions irrespective of whether they arise under common law or statute.

Va. Code Ann. § 8.01-229(E). In plain terms, a plaintiff who nonsuits can bring a new cause of action under three timelines: 1) within the original statute of limitations; 2) within enumerated periods of time if the plaintiff dies; or 3) within six months of the date of the Order granting the nonsuit. It is well established that "[a] voluntary nonsuit as prescribed in Va. Code Ann. § 8.01-380 is the equivalent of a notice of voluntary dismissal under Rule 41(a)(1)(A)(i)." Jackson v. Whited, No. 1:21CV00044, 2023 U.S. Dist. LEXIS 196203, at *5 (W.D. Va. Nov. 1, 2023) (citing Scoggins v. Douglas, 760 F.2d 535 (4th Cir. 1985)).

As to the first circumstance, the statute of limitations for a personal injury action in Virginia is two years from the date when the injury was sustained. Va. Code § 8.01-243(A). The present action was filed on March 4, 2024, and the motor vehicle accident in which the alleged injuries were sustained occurred on February 25, 2021. Accordingly, this action was commenced more than two years after the injury was sustained and is barred by the statute of limitations.

As to the second circumstance, there is no pleading or allegation to suggest that either plaintiff has died during the period before the commencement of this action.

As to the third circumstance, the date of the Rule 41 notice of voluntary dismissal of the first action was April 11, 2023. Under the six-month savings period, Plaintiffs had until October 11, 2023 to file. Because the pending action was filed on March 4, 2023, it is therefore untimely.

## CONCLUSION

As established in the foregoing, Plaintiffs' action is barred by the applicable statute of limitations. WHEREFORE, Chance respectfully requests that this Court enter an Order dismissing the action with prejudice.

KYLE CHANCE

By: /s/ Daniel I. Hall_____
Daniel I. Hall (VSB No. 86807)
Midkiff, Muncie & Ross, P.C.
620 State Street, Suite 3000
Bristol, TN 37620
423-397-6770 Office
423-573-2439 FAX
brife@midkifflaw.com
*Counsel for Defendant Kyle Chance*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of May, 2024, the foregoing document was filed with this Court using the CM/ECF system, which will forward a copy to the following counsel of record:

| | |
|---|---|
| Joseph W. McMurray, Esquire | James E. Rasnic, Esquire |
| R. Wayne Culbertson, PC | Ward & Rasnic, P.C. |
| 119 W. Market Street | 235 Piedmont Avenue |
| Kingsport, TN  37660 | Bristol, VA 24203 |
| *Counsel for Plaintiffs* | *Counsel for State Farm* |

                                                 /s/ Daniel I. Hall
                                                 Daniel I. Hall